OPINION OF THE COURT
Stacy D. Bennett, J.
The above named petitioners, EA.A. and R.A., have each filed a family offense petition against the respondent, M.R. The petitioners are the aunt and the uncle of the respondent.
*787 The respondent has brought, by way of notice of motion, an application requesting that an order be made directing that the burden of proof to which the petitioners should be held at the time of the hearing be proof by clear and convincing evidence, or proof beyond a reasonable doubt, and not proof by a fair preponderance of the evidence. The respondent contends that allegations that the respondent used or attempted to use physical force, or attempted to use or used a deadly weapon in the commission of a family offense, should trigger the use of a heightened standard of proof in Family Court Act article 8 proceedings.
The respondent argues that the heightened standard of proof is appropriate and necessary in light of a federal criminal statute prohibiting an individual from possessing firearms, which automatically arises as a result of a finding by the court that a respondent committed a family offense which involved the use or attempted use of physical force or a deadly weapon.
The respondent contends that he has a permit to carry a firearm, and that if it is determined that he committed a family offense, and this court issues an order of protection against him, then his permit to carry a firearm must be revoked under Family Court Act § 842-a. The respondent argues that if his permit to carry a firearm were to be revoked, then his right to bear arms pursuant to the Second Amendment of the United States Constitution would be violated.
The respondent states in his papers that the ability of a Family Court Act article 8 proceeding to substantially impair, and in fact, prohibit an individual from exercising their Second Amendment right to bear arms through the revocation/suspension of a pistol permit, or denial of a future application for a license, or of the right to possess rifles and/or shotguns, requires the court to apply, at a minimum, a clear and convincing evidence standard of proof in family offense proceedings, despite the instruction of Family Court Act § 832.
The attorney for the children has filed an affirmation in opposition. The attorney for the children states that the respondent is asking this court to act as a legislative body and to change the statutory burden of proof in a proceeding pursuant to article 8 of the Family Court Act. The attorney for the children argues that this request is without merit, and that there is nothing in the law that authorizes the court to change the statutory burden of proof in a family offense case to a higher burden, simply due to a finding against a respondent that may result in a revocation of his gun permit.
*788 The petitioners’ attorney has submitted an affirmation in opposition, requesting the denial of the respondent’s motion. The petitioners’ attorney states that the respondent’s application has no basis or authority. The petitioners’ attorney similarly states that this court is not a legislative body, and lacks the authority to alter the Family Court Act.
The respondent has submitted a reply affirmation in support of his motion.
This court has considered the above submitted papers and the arguments raised therein.
The Family Court possesses only the power which is explicitly conferred on it by statute. The instant family offense proceeding has been brought pursuant to article 8 of the Family Court Act. Family Court Act § 832 provides that the party alleging the commission of a family offense for purposes of obtaining an order of protection must prove at a fact-finding hearing the allegation by a fair preponderance of the evidence. While the respondent argues that the burden of proof in this matter should be clear and convincing, or beyond a reasonable doubt, despite the instruction of Family Court Act § 832, there is no statutory provision for same, and this is not a petition alleging a violation of an existing order of protection. The motion is denied.